UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| PHELIX HENRY FRAZIER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 4:03CV01060 ERW |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

# MEMORANDUM AND ORDER

This matter comes before the Court on Petitioner's Motion for Relief from Judgment or Order Pursuant to Rule 60(b)(6) Federal Rules of Civil Procedure [doc. #53].

## I. BACKGROUND

Phelix Henry Frazier ("Petitioner") was convicted and sentenced to a term of life imprisonment, and his conviction and sentence were affirmed on appeal.[1] *See United States v. Frazier*, 280 F.3d 835 (8th Cir. 2002). Petitioner then filed a motion under 28 U.S.C. § 2255 [doc. #1], which was denied by the District Court on March 10, 2005 [doc. # 11 and 12]. Subsequently, on March 22, 2005, Petitioner filed a "Motion to Alter of Amend Judgment and Reconsideration Pursuant to Rule 59(e) Federal Rules of Civil Procedure" [doc. #13]. In his motion, Petitioner raised several claims of error, and on March 25, 2005, the District Court denied his motion [doc. #16]. The District Court stated that "it appears that petitioner is urging the Court to reconsider the matters addressed in the order denying the § 2255 request." The District Court concluded that these issues were addressed in the denial of the 28 U.S.C. § 2255

---

[1] Petitioner was tried and sentenced by the Honorable Stephen N. Limbaugh, and all prior orders in this action were issued by Judge Limbaugh. This case was reassigned to this Court on October 21, 2008.

motion, and stated that "[i]t would serve no useful purpose to address the issues raised once again." Petitioner sought the review of the District Court's denial of a certificate of appealability, and his appeal was dismissed on February 2, 2006 [doc. #23].

On May 9, 2006, Petitioner filed another motion, entitled "Motion for Relief from Judgment on Order Pursuant to Rule 60(b)(6) Federal Rules of Civil Procedure" [doc. #27]. This motion asked that the District Court take judicial notice of adjudicative facts, and asserted that the District Court misunderstood 25 facts and stated that these extraordinary circumstances justified reopening the order denying his 28 U.S.C. § 2255 motion. The District Court disagreed, and on October 6, 2006, it issued an order [doc. #31] stating that "all of the so-called extraordinary circumstances have previously been addressed." The District Court concluded that this motion was actually a successive habeas petition, and found that the District Court lacked jurisdiction because petitioner did not obtain prior authorization from the Eighth Circuit. The District Court stated that these claims were both procedurally and substantially defaulted. Petitioner then filed a motion for leave to file an appeal [doc. #32], which was denied as untimely [doc. #34]. The Eighth Circuit affirmed this denial [doc. #40].

On December 17, 2007, Petitioner filed yet another motion, and this motion was also entitled "Motion for Relief from Judgment or Order Pursuant to Rule 60(b)(6) Federal Rules of Civil Procedure" [doc. #41]. The District Court reviewed this motion and in an order dated January 4, 2008 [doc. #42], the District Court concluded "that it is almost identical to the motion filed May 9, 2006." The District Court stated that "[s]ince the Court has ruled on this request earlier, the new motion should be denied." Petitioner appealed this denial, but it was summarily affirmed by the Eighth Circuit on April 7, 2008 [doc. #48].

**II. DISCUSSION**

In his pending Motion, Petitioner again states that extraordinary circumstances justify reopening the order denying his 28 U.S.C. § 2255 motion and asserts that the order denying his Fed. R. Civ. P. 59(e) motion should be reopened for further briefing.

The Court has reviewed the previous filings and orders in this action, and it is clear that Petitioner does not present any new arguments. Petitioner believes that the District Court did not consider issues and facts that he raised in his original 28 U.S.C. § 2255 motion, and asserts that the District Court erred in it's previous orders. However, these facts were raised in his original motion, and they have then been raised and dismissed in motions filed on March 25, 2005, May 9, 2006 and December 17, 2007. This Motion fails under Fed. R. Civ. P. 60(b) because, "[t]his is not the purpose of 60(b) . . . It is not a vehicle for simple reargument on the merits." *Roadway v. Norris*, 193 F.3d 987, 989-90 (8th Cir. 1999). However, even though this Motion clearly fails on the merits, it is properly treated as a successive § 2255 application. The Eighth Circuit has directed district courts who determine that a "Rule 60(b) motion is actually a second or successive habeas petition . . . [to] dismiss it for failure to obtain authorization from the Court of Appeals or, in its discretion . . . transfer the purported Rule 60(b) motion to the Court of Appeals." *Boyd v. United States*, 304 F.3d 813, 814 (8th Cir. 2002). The Court finds that dismissal of this Motion is appropriate.

Further, the Court notes that this is Petitioner's third successive § 2255 motion. The United States Court of Appeals for the Eighth Circuit did not authorize Petitioner to file any successive § 2255 motions. These motions are improper and frivolous. They are improper because the relief requested may only be sought in a § 2255 motion, and Petitioner is obviously attempting to get around the AEDPA's filing requirements by creatively titling the motions as ones for reconsideration rather than under § 2255. *See United States v. Farley*, 971 F. Supp.

184, 185 (E.D. Pa. 1997) (habeas petitioners may not circumvent AEDPA's requirements through creative titling of their petitions). The motions are frivolous because they lack "an arguable basis in either law or in fact*.*" *Neitzke v. Williams*, 490 U.S. 319, 328 (1989).

"Judicial resources are limited in the short run and need to be protected from wasteful consumption. Frivolous, bad faith claims consume a significant amount of judicial resources, diverting the time and energy of the judiciary away from processing good faith claims." *In re Tyler*, 839 F.2d 1290, 1292 (8th Cir. 1988) (citations omitted). Petitioner's pattern of filing frivolous and improper motions in this case is an abuse of this Court's resources. The Court will no longer allow Petitioner to file any motions in this case without first obtaining leave of Court. Any motion for relief in this case must be accompanied by a motion for leave of Court to file such motion and an affidavit that sets forth the legal and factual basis for such motion. Failure to comply with this Order will result in the summary denial of any future motions.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Motion for Relief from Judgment or Order Pursuant to Rule 60(b)(6) Federal Rules of Civil Procedure [doc. #53] is **RECLASSIFIED** as a successive 28 U.S.C. § 2255 Motion to Vacate, Set Aside, Grant a New Trial, or Correct the Sentence.

**IT IS FURTHER ORDERED** that this Motion [doc. #53] is **DISMISSED** for failure to obtain authorization from the Eighth Circuit Court of Appeals.

**IT IS FURTHER ORDERED** that Petitioner shall not file any motion in this case without first obtaining leave of Court. Any motion for relief in this case must be accompanied by a motion for leave of Court to file such motion and an affidavit that sets forth the legal and factual basis for such motion.

**IT IS FURTHER ORDERED** that failure to comply with this Order will result in the summary denial of any future motions.

Dated this 28th Day of January, 2009.

_E. Richard Webber_
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE